UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| CHARLES DALIO,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD BOWMAN, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 6:21-154-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff's motion to remand this action to Rockcastle Circuit Court. (DE 4.) Defendants Auto Club Property-Casualty Insurance Company ("Auto Club") and MemberSelect Insurance Company ("MemberSelect") having responded (DE 5) and Plaintiff having replied (DE 7), the matter is now ripe for the Court's review. For the reasons set forth herein, Plaintiff's motion to remand (DE 4) is GRANTED.

This action arises out of a motor vehicle accident involving the Plaintiff and two of the Defendants. (DE 1.) Auto Club previously removed this case to federal court in Civil Action No. 6:21-cv-002-KKC on January 5, 2021, and this Court remanded the case to state court on July 20, 2021 because it was unclear whether the amount in controversy exceeded $75,000. (DE 1-3.) Auto Club and MemberSelect removed to federal court again (DE 1) arguing that they can now sufficiently establish that the amount in controversy exceeds $75,000. However, Plaintiff moves for remand again, arguing that the Court lacks jurisdiction because of the forum defendant rule and because the amount in controversy is still unclear.

The forum defendant rule limits the right of defendants to remove in diversity cases, noting that such cases "shall be removable only if none of the parties in interest properly

1

joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *Uboh v. U.S. Equestrian Found.*, 384 F. Supp. 3d 780, 783 (E.D. Ky. 2019). Plaintiff has provided proof that he served Defendant Edward Bowman (DE 4-2), a citizen of Kentucky, on March 16, 2021, which is prior to Auto Club and MemberSelect's Notice of Removal filed on September 14, 2021.[1] Defendants agree "that under the general rule the forum-defendant rule would therefore preclude the Court from exercising diversity jurisdiction and require remand." (DE 5 at 5.)

Thus, the matter requiring the Court's consideration is whether the fact that Defendants first removed this case in January 2021, prior to service of Bowman, has any impact on what would otherwise be a straightforward application of the forum defendant rule if the current removal was considered in isolation. The parties did not direct the Court to any caselaw dealing with this factual scenario, and the Court is unable to locate any. However, it is clearly established that courts look to "the time of removal" to determine whether the action was properly removed. *Roddy v. Grand Trunk Western R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005). It is this same principle that drove Defendants to remove this case again when they thought they could finally establish a sufficient amount in controversy. Because, at the time of removal, Plaintiff had properly served Defendant Bowman, a citizen of Kentucky, the forum defendant rule precludes removal.

Accordingly, for the reasons set forth herein, IT IS HEREBY ORDERED that:

(1) Plaintiff's motion to remand (DE 4) is GRANTED;

(2) This matter is REMANDED to Rockcastle Circuit Court; and

---

[1] It appears that Plaintiff might also have served Defendant Kentucky Assigned Claims Plan and Bureau ("the Plan"), another Kentucky citizen, prior to the Notice of Removal (DE 4-3), but Plaintiff has not provided the same proof of service as he has provided for Defendant Bowman. Defendants seem to concede that the Plan was served prior to the Notice of Removal, but assert that the Plan is not a proper party to this action.

(3) This matter is STRICKEN from this Court's active docket.

This 2nd day of May, 2022.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY